## Cosby v. Bick & Company, Inc.

*John Harper*, for plaintiff.

*Frank J. Bowden* and *E. A. Deysher*, for defendant.

GABLE, J., February 1, 1935.—This is a petition under the provisions of the Act of March 5, 1925, P. L. 23, which, inter alia, provides as follows.

"Section 1. Be it enacted, &c., That wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be

preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments.

"Section 2. All such preliminary questions shall be raised by petition setting forth the facts relied upon, whereupon a rule to show cause shall be granted, and such preliminary question disposed of by the court. Such procedure shall be deemed de bene esse only and shall not operate as a general appearance."

The plaintiff brought an action in assumpsit against the defendant corporation in which a writ was duly issued and the return thereof by the Sheriff of Philadelphia County was as follows: "5-17-34. Left with E. Everett in charge. Glacken"; and the following:

"Served Bick & Company Inc. the within defendant company at 776 Drexel Building, in the city and county of Philadelphia, State of Pennsylvania, the place of business of said defendant company, by handing a true and attested copy of the within writ on May 17, 1934, to E. Everett, the person for the time being in charge thereof, being unable to ascertain the residence of any of the officers of the said defendant company within the county, and upon inquiry at said place of business, So answered Thomas Manning, Deputy Sheriff, Richard Weglein, Sheriff."

Thereafter, the defendant filed its petition under the above recited act praying for a rule which was granted to show cause why the service should not be set aside. The petition set forth that it is a Pennsylvania corporation, with its office and principal place of business in the City of Reading, engaged in the dyeing of fabrics and the manufacture of dyes and chemicals in the said City of Reading, and that it does not have any manufacturing plant in the County of Philadelphia; that the writ in this proceeding was issued and returned by the Sheriff of Philadelphia County, the return being as above set forth; that the plant of the petitioner is located in the City of Reading, consisting of considerable buildings with equipment of machinery and that its principal office is also located at the same address on North Twelfth Street, in the City of Reading; that the petitioner maintains an office at 776 Drexel Building, Philadelphia, which is about 12 feet by 15 feet, equipped with two desks, less than half a dozen chairs and a filing cabinet, in which is employed one young lady to whom are sent invoices of chemicals manufactured and shipped from Reading and who, in turn, bills the customers to whom said chemicals are sold; and that no other business of your petitioner is conducted at said office or anywhere else in Philadelphia.

The petition further avers that the courts of Berks County, Pa., alone, have jurisdiction of the above stated suit, and that the courts of Philadelphia County do not have jurisdiction thereof and have not acquired jurisdiction over the petitioner by the service of the writ in the manner set forth. The petition further avers that the plaintiff well knew that the courts of Philadelphia could not acquire jurisdiction over the petitioner, and through his attorney requested that someone in Philadelphia be named on whom the writ could be served.

The plaintiff filed an answer to the petition admitting all of the averments with the exception of those pertaining to the jurisdiction of the courts and as to the knowledge of the plaintiff that the courts of Philadelphia could not acquire jurisdiction.

Depositions were taken which established the facts averred in the petition, which, however, had not been denied by the answer, and insofar as the facts involved are concerned the case might well rest upon the facts admitted by the

answer. The averments in the petition that were denied by the answer are essentially questions of law, except as to the final averment concerning the knowledge of the plaintiff which is immaterial in this controversy.

Prior to the passage of the Act of March 5, 1925, P. L. 23, and since the enactment of the Practice Act of May 14, 1915, P. L. 483, it seems clear that the question of jurisdiction of the court in such case could not be successfully raised, under the authority of the case of Miller Paper Co. v. Keystone Coal & Coke Co., 267 Pa. 180, and cases therein cited. Upon this case the plaintiff appears chiefly to rely in his opposition to the defendant's rule. It will be observed that that case was decided in 1920, and it will be noted that in none of certain later cases where similar attempts have been made was the existence of the Act of March 5, 1925, P. L. 23, raised or considered. The difficulty of raising a question such as is now presented was the occasion for the passage of said act. And in advocacy of its passage, its sponsor gave the reasons therefor. The following quotation from the debates in the legislature is enlightening:

"Before the passage of the Practice Act of 1915 the question or jurisdiction over a defendant or cause of action was raised in the following manner:

"(a) If the record of the case showed that the court had not acquired jurisdiction a rule to set aside the service was in order.

"(b) If no defects appeared of record to support such a motion and there were extraneous facts upon which the defendant was entitled to question the jurisdiction, a plea in abatement was the proper procedure.

"The Practice Act abolished pleas in abatement and provided that defenses theretofore raised therein should be made in the affidavit of defense. It therefore became necessary to raise questions of the jurisdiction of the court based upon facts not of record in the affidavit of defense. But it is a fundamental principle of practice that the filing of an affidavit of defense amounts to a general appearance. It is axiomatic that a general appearance is a submission to the jurisdiction of the court and a waiver of a right to raise this preliminary question.

"The same confusion exists in equity practice. It is uncertain how facts which do not appear of record but which go directly to the jurisdiction of the court may be raised. The right to raise preliminary jurisdictional questions by petition, and to support the same with depositions when necessary will be met with the general if not universal approval of bench and bar, and will remove the existing confusion."

The remedy given by the Act of 1925 does not contradict the return of the sheriff, insofar as the statement of any fact relating to the service is concerned, but it does permit the court, aided by facts set up dehors the record, to determine the legal effect of such service, and whether under such facts the service brings the defendant within the jurisdiction of the court.

It is unnecessary to cite authority in support of the well established principle that a corporation can be sued only in the county where is its domicile or where it conducts the principal operation of its business, and it is clearly well settled that the maintenance of a mere clerical office such as is averred in the petition here, and is supported by the depositions taken, does not constitute such transaction of business, as to render it subject to the jurisdiction of the courts in a county other than that of its domicil and principal place of business.

In the view of the court the intention of the Act of 1925 is clearly to permit the raising and determination of the question of jurisdiction such as is here involved in the present manner. From the averments set forth in the petition which are admitted in the answer filed and supported by the depositions taken,

440

the court finds that the defendant is not conducting business within the County of Philadelphia.

The rule to set aside the service of the writ is therefore made absolute.